UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
OCT 2 - 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V. INDICTMENT NO. 25CR127-GFVT-MAS

WILLIAM QUEJOHN DIXON
aka "MONEY,"
aka "QUE,"
ROLLIE DESHAWN LAMAR
aka "RAL,"
aka "RAL-O,"
DAQUIS DAMARR SHARP
aka "TONA,"
aka "QUIS,"
aka "KILLER QUIS,"
aka "KQ,"
DESMOND ELIJAH BELLOMY
aka "BIBBY,"
JATIECE ALVIN PARKS
aka "BABA,"
aka "JT"
aka "HBBABA," and
DEANGALO MONTAVIUS BOONE
aka "DOJA"

* * * * *

THE GRAND JURY CHARGES:

**COUNT 1**
**18 U.S.C. § 1512(a)(1)(A)**
**18 U.S.C. § 2**

On or about September 29, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**WILLIAM QUEJOHN DIXON**
**aka "MONEY,"**
**aka "QUE,"**
**ROLLIE DESHAWN LAMAR**
**aka "RAL,"**
**aka "RAL-O,"**
**DAQUIS DAMARR SHARP**
**aka "TONA,"**
**aka "QUIS,"**
**aka "KILLER QUIS,"**
**aka "KQ,"**
**DESMOND ELIJAH BELLOMY**
**aka "BIBBY," and**
**JATIECE ALVIN PARKS**
**aka "BABA,"**
**aka "JT,"**
**aka "HBBABA,"**

knowingly and intentionally aided, abetted, counseled, commanded, induced, and procured the killing of Kristopher Lewis, and knowingly and intentionally killed Kristopher Lewis by shooting him with one or more firearms, with the intent to prevent his attendance and testimony in an official proceeding—namely, federal criminal proceedings involving Rollie Deshawn Lamar and offenses relating to narcotics trafficking, money laundering, and firearms—all in violation of 18 U.S.C. § 1512(a)(1)(A) and 18 U.S.C. § 2.

**COUNT 2**
**18 U.S.C. § 1512(k)**

Beginning on or about September 26, 2023, the exact date unknown, and continuing through on or about October 20, 2023, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**WILLIAM QUEJOHN DIXON**
**aka "MONEY,"**
**aka "QUE,"**
**ROLLIE DESHAWN LAMAR**
**aka "RAL,"**
**aka "RAL-O,"**
**DAQUIS DAMARR SHARP**
**aka "TONA,"**
**aka "QUIS,"**
**aka "KILLER QUIS,"**
**aka "KQ,"**
**DESMOND ELIJAH BELLOMY**
**aka "BIBBY," and**
**JATIECE ALVIN PARKS**
**aka "BABA,"**
**aka "JT,"**
**aka "HBBABA,"**

knowingly and intentionally conspired and agreed with each other, and with others both known and unknown to the Grand Jury, to kill Kristopher Lewis by shooting him with one or more firearms with the intent to prevent his attendance and testimony in an official proceeding—namely, federal criminal proceedings involving Rollie Deshawn Lamar and offenses relating to narcotics trafficking, money laundering, and firearms—all in violation of 18 U.S.C. § 1512(k).

**COUNT 3**
**18 U.S.C. § 1958**

Beginning on or about September 26, 2023, the exact date unknown, and continuing through on or about October 20, 2023, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**WILLIAM QUEJOHN DIXON**
**aka "MONEY,"**
**aka "QUE,"**
**ROLLIE DESHAWN LAMAR**
**aka "RAL,"**
**aka "RAL-O,"**
**DAQUIS DAMARR SHARP**
**aka "TONA,"**
**aka "QUIS,"**
**aka "KILLER QUIS,"**
**aka "KQ,"**
**DESMOND ELIJAH BELLOMY**
**aka "BIBBY,"**
**JATIECE ALVIN PARKS**
**aka "BABA,"**
**aka "JT,"**
**aka "HBBABA," and**
**DEANGALO MONTAVIUS BOONE**
**aka "DOJA,"**

aided and abetted by each other, knowingly used and caused another to use any facility of interstate commerce, including a cellphone, and traveled and caused another to travel in interstate commerce, including travel in a motor vehicle on an interstate highway, with the intent that the murder of Kristopher Lewis be committed in violation of the laws of Kentucky and the United States as consideration for the receipt of, and as consideration for a promise to pay, things of pecuniary value, to wit: United States currency and other items of pecuniary value, all in violation of 18 U.S.C. § 1958 and 18 U.S.C. § 2.

**COUNT 4**
**18 U.S.C. § 1958**

Beginning on or about September 26, 2023, the exact date unknown, and continuing through on or about October 20, 2023, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**WILLIAM QUEJOHN DIXON**
**aka "MONEY,"**
**aka "QUE,"**
**ROLLIE DESHAWN LAMAR**
**aka "RAL,"**
**aka "RAL-O,"**
**DAQUIS DAMARR SHARP**
**aka "TONA,"**
**aka "QUIS,"**
**aka "KILLER QUIS,"**
**aka "KQ,"**
**DESMOND ELIJAH BELLOMY**
**aka "BIBBY,"**
**JATIECE ALVIN PARKS**
**aka "BABA,"**
**aka "JT,"**
**aka "HBBABA," and**
**DEANGALO MONTAVIUS BOONE**
**aka "DOJA,"**

knowingly conspired and agreed with each other, and with others both known and unknown to the Grand Jury, to use and to cause another to use any facility of interstate commerce, including a cellphone, and to travel and to cause another to travel in interstate commerce, including travel in a motor vehicle on an interstate highway, with the intent that the murder of Kristopher Lewis be committed in violation of the laws of Kentucky and the United States as consideration for the receipt of, and as consideration for a promise to pay, things

of pecuniary value, to wit: United States currency and other items of pecuniary value, all in violation of 18 U.S.C. § 1958.

**COUNT 5**
**18 U.S.C. § 924(o)**

Beginning on or about September 26, 2023, the exact date unknown, and continuing through on or about September 29, 2023, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**WILLIAM QUEJOHN DIXON**
**aka "MONEY,"**
**aka "QUE,"**
**ROLLIE DESHAWN LAMAR**
**aka "RAL,"**
**aka "RAL-O,"**
**DAQUIS DAMARR SHARP**
**aka "TONA,"**
**aka "QUIS,"**
**aka "KILLER QUIS,"**
**aka "KQ,"**
**DESMOND ELIJAH BELLOMY**
**aka "BIBBY,"**
**JATIECE ALVIN PARKS**
**aka "BABA,"**
**aka "JT,"**
**aka "HBBABA," and**
**DEANGALO MONTAVIUS BOONE**
**aka "DOJA,"**

knowingly conspired and agreed with each other, and with others both known and unknown to the Grand Jury, to use, carry and discharge a firearm, including a machinegun, during and in relation to a crime of violence that may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(o).

## 18 U.S.C. § 3147 ENHANCEMENT

On or about September 29, 2023, the Defendant, **ROLLIE DESHAWN LAMAR** knowingly committed the offense described in Count 1, witness tampering via killing in violation of 18 U.S.C. § 1512(a)(1)(A); beginning on or about September 26, 2023, and continuing through on or about October 20, 2023, the Defendant, **ROLLIE DESHAWN LAMAR** knowingly committed the offense described in Count 2, conspiracy to tamper with a witness through killing in violation of 18 U.S.C. § 1512(k); and beginning on or about September 26, 2023, and continuing through on or about October 20, 2023, the Defendant, **ROLLIE DESHAWN LAMAR** knowingly committed the offense described in Count 3, use of interstate facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958; committing these offenses while on release pursuant to an order dated April 27, 2022, from the United States District Court for the Eastern District of Kentucky, Case No. 5:22-cr-50-GFVT-MAS, which order notified said defendant of the potential effect of committing an offense on pretrial release, all in violation of 18 U.S.C. § 3147(1).

## NOTICE OF SPECIAL FINDINGS PURSUANT TO 18 U.S.C. §§ 3591 and 3592 (Counts 1 – 4)

### A. THE GRAND JURY FINDS:

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding the commission of the offenses charged in

Counts 1, 2, 3, and 4, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The Defendant, **WILLIAM QUEJOHN DIXON**:

   a. was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(b));

   b. intentionally killed Kristopher Lewis (18 U.S.C. § 3591(a)(2)(A));

   c. intentionally inflicted serious bodily injury that resulted in the death of Kristopher Lewis (18 U.S.C. § 3591(a)(2)(B));

   d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

   e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

   f. has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use or

attempted or threatened use of a firearm against another person (18 U.S.C. § 3592(c)(2));

g. has previously been convicted of two or more Federal or State offenses, punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person (18 U.S.C. § 3592(c)(4));

h. in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

i. committed the offenses as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

j. committed the offenses after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (18 U.S.C. § 3592(c)(9));

k. has previously been convicted of two or more Federal or States offenses punishable by a term of imprisonment of more than one year, committed

on different occasions, involving the distribution of a controlled substance (18 U.S.C. § 3592(c)(10)).

2. The Defendant, **ROLLIE DESHAWN LAMAR**:

   a. was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(b));

   b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

   c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

   d. procured the commission of the offenses by payment, or promise of payment, of anything of pecuniary value (18 U.S.C. § 3592(c)(7));

   e. committed the offenses after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (18 U.S.C. § 3592(c)(9));

   f. has previously been convicted of a violation of Title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for

which a sentence of 5 or more years may be imposed or had previously been convicted of engaging in a continuing criminal enterprise (18 U.S.C. § 3592(c)(12)).

3. The Defendant, **DAQUIS DAMARR SHARP**:

a. was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(b));

b. intentionally killed Kristopher Lewis (18 U.S.C. § 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Kristopher Lewis (18 U.S.C. § 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

f. in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. §

3592(c)(5));

g. committed the offenses as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

h. committed the offenses after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (18 U.S.C. § 3592(c)(9)).

4. The Defendant, **DESMOND ELIJAH BELLOMY**:

a. was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(b));

b. intentionally killed Kristopher Lewis (18 U.S.C. § 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Kristopher Lewis (18 U.S.C. § 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Kristopher Lewis died as a direct

result of the act (18 U.S.C. § 3591(a)(2)(D));

f. in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

g. committed the offenses as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

h. committed the offenses after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (18 U.S.C. § 3592(c)(9)).

5. The Defendant, **JATIECE ALVIN PARKS**:

a. was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(b));

b. intentionally killed Kristopher Lewis (18 U.S.C. § 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Kristopher Lewis (18 U.S.C. § 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Kristopher Lewis died as a direct result of the act (18 U.S.C. §

3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

f. in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

g. committed the offenses as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

h. committed the offenses after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (18 U.S.C. § 3592(c)(9)).

6. As to Counts 3 and 4, the Defendant, **DEANGALO MONTAVIUS BOONE:**

a. was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(b));

b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and

Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Kristopher Lewis died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

d. committed the offenses described in Counts 3 and 4 as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

e. committed the offenses described in Counts 3 and 4 after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (18 U.S.C. § 3592(c)(9)).

**FORFEITURE ALLEGATION**
**18 U.S.C. § 981(a)(1)(C)**
**18 U.S.C. § 924(d)**
**28 U.S.C. § 2461**

1. By virtue of the commission of the offenses alleged in Counts 1-2 of the Indictment, **WILLIAM QUEJOHN DIXON, DAQUIS DAMARR SHARP, DESMOND ELIJAH BELLOMY, JATIECE ALVIN PARKS, DEANGELO MONTAVIUS BOONE, and ROLLIE DESHAWN LAMAR** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1512. Any and all interests that **WILLIAM**

**QUEJOHN DIXON, DAQUIS DAMARR SHARP, DESMOND ELIJAH BELLOMY, JATIECE ALVIN PARKS, DEANGELO MONTAVIUS BOONE, and ROLLIE DESHAWN LAMAR** have in this property are vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. By virtue of the commission of the offenses alleged in Counts 1-5 of the Indictment, **WILLIAM QUEJOHN DIXON, DAQUIS DAMARR SHARP, DESMOND ELIJAH BELLOMY, JATIECE ALVIN PARKS, DEANGELO MONTAVIUS BOONE, and ROLLIE DESHAWN LAMAR** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violations of 18 U.S.C. §§ 924, 1512, and/or 1958. Any and all interests that **WILLIAM QUEJOHN DIXON, DAQUIS DAMARR SHARP, DESMOND ELIJAH BELLOMY, JATIECE ALVIN PARKS, DEANGELO MONTAVIUS BOONE, and ROLLIE DESHAWN LAMAR** have in this property are vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

[redacted]

**PAUL C. McCAFFREY**
**ACTING UNITED STATES ATTORNEY**

# PENALTIES

**COUNTS 1- 4:** Death or life imprisonment, a fine of not more than $250,000, and a term of supervised release of not more than 5 years.

**COUNT 5:** Not more than 20 years imprisonment, a fine of not more than $250,000, and a term of supervised release of not more than 3 years.

If the firearm used was a machinegun or destructive device, or is equipped with a firearm silencer or muffler, not more than life imprisonment, a fine of not more than $250,000, and a term of supervised release of not more than 3 years.

**PLUS:** If the felony offenses described in Counts 1-5 were committed while on pretrial release, an additional term of imprisonment of not more than ten years shall run consecutive to any other sentence of imprisonment.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture, if applicable.